**In the Matter of Marion W. WITHERS.**

No. 48S00–9108–DI–639.

Supreme Court of Indiana.

Sept. 8, 1993.

Marion W. Withers, pro se.

Jeffrey D. Todd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

*PER CURIAM.*

This case is before us for approval of a Statement of Circumstances and Conditional Agreement for Discipline entered into by the Respondent, Marion W. Withers, and the Indiana Supreme Court Disciplinary Commission, pursuant to Admission and Discipline Rule 23(11)(d). The Respondent was charged in a Verified Complaint for Disciplinary Action with two counts of professional misconduct involving lack of diligence, failure to comply with requests for information, failure to competently represent a client, failure to surrender requested papers, and failure to keep his client informed. The Respondent has also tendered his Affidavit pursuant to Admis.Disc.R. 23(17)(a).

Upon review, we find that the tendered agreement should be accepted and approved. Accordingly, we find that the Respondent is an attorney admitted to the Bar of this State on September 24, 1958. Under Count I, we find that on July 8, 1988, the Respondent was hired by a female client to pursue a paternity action against the estate of the alleged father of her child. Respondent received $100 as retainer. He filed a Petition for Issuance of Letters of Administration on February 12, 1990, for the purpose of determining paternity. Respondent, however, failed to inform his client that, at the time he filed said Petition, a paternity action could no longer be successful against the estate due to the expiration of the applicable statute of limitations. Respondent failed to respond to his client's request for information and initially failed to return the retainer fee. This Court subsequently has been advised that the Respondent has returned the retainer.

As to Count II, we find that Respondent represented the plaintiff in a medical malpractice action and filed a Proposed Complaint with the Department of Insurance on March 17, 1987. After nearly a year of inaction, one of the defendants moved to dismiss the case pursuant to Trial Rule 41(E) for failure to prosecute. At that point, Respondent answered interrogatories which had been filed some eight months earlier, and hearing on the motion to dismiss was continued. On May 24, 1989, another codefendant filed a motion to dismiss for failure to prosecute at the hearing on which Respondent advised that he would move forward with his case.

Thereafter, a medical review panel was formed pursuant to the applicable statute, without Respondent's participation. He submitted no evidence despite the notices of deadlines. In June of 1990, more than three years after the initiation of the claim, the court granted the defendant's motion to dismiss for failure to prosecute. The Respondent failed to appear at the hearing on such motion. Initially, Respondent failed to return the client's file. This Court has now been advised by the Commission that the requested file has been returned to the client.

From the foregoing findings, we conclude that the Respondent engaged in the charged misconduct and violated Rules 1.1, 1.3, 1.4 and 1.16(d) of the *Rules of Professional Conduct for Attorneys at Law.*

The parties have agreed that the appropriate sanction for Respondent's misconduct is a public reprimand. The lack of mitigating factors, the harm caused to the clients, and the prolonged nature of Respondent's derelict conduct call for close scrutiny of his actions. We are persuaded, however, by the Commission's assessment of this case and their recommendation for public reprimand. In light of this, we find that the proposed sanction adequately addresses this Court's concerns and the relative severity of Respondent's misconduct.

It is, therefore, ordered that Marion W. Withers is hereby reprimanded and admonished for his misconduct.

Costs are assessed against the Respondent.

DeBRULER, GIVAN and KRAHULIK, JJ., concur.

SHEPARD, C.J., and DICKSON, J., dissent and would impose a higher sanction.